**Ms. Rosie Lee PEGUES et al.,
Plaintiffs,**

v.

**MISSISSIPPI STATE EMPLOYMENT
SERVICE OF the MISSISSIPPI EM-
PLOYMENT SECURITY COMMIS-
SION et al., Defendants.**

**No. DC 72-4-S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Aug. 22, 1973.

See also D.C., 57 F.R.D. 102.

Nausead Stewart of Anderson, Banks, Nichols & Leventhal, Jackson, Miss., Richard T. Seymour and Michael B. Trister, Washington, D. C., Richard B. Sobol, New Orleans, La., for plaintiffs.

H. M. Ray, U. S. Atty., Norman L. Gillespie, Asst. U. S. Atty., Oxford, Miss., Richard F. Schubert, Sol., U. S. Dept. of Labor, Washington, D. C., Fred J. Lotterhos, H. L. Hutcherson, Miss. Employment Security Commission, Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on motion of defendants John E. Aldridge (Aldridge), Executive Director of the Mississippi State Employment Service of the Mississippi Employment Security Commission, and E. C. Lindsey (Lindsey), Manager of the Bolivar County, Mississippi Office of the Mississippi State Employment Service, to dismiss this action in all respects as to them in their personal capacities, or for summary judgment pursuant to Rule 56(c) F.R.Civ.P.

The Mississippi State Employment Service of the Mississippi Employment Security Commission is a party defendant in the action. Aldridge is sued in his official capacity as Director of Mississippi State Employment Service.[1] Lindsey is sued in his official capacity as Manager of the Bolivar County Office of the Mississippi State Employment Service.

Affidavits have been filed by the opposing parties. The court will consider the motion as for summary judgment, since it is necessary for the court to go outside the pleadings to determine the issue. See, Rule 12(c) F.R.Civ.P. The parties have submitted the motion on briefs without oral argument.

The Mississippi Employment Service Commission operates two primary organizations, one for administering unemployment compensation and the other for administering Mississippi State Employment Service.

The Governor of Mississippi appoints a three-man Mississippi Employment Security Commission (hereafter MESC). The authority for administering Mississippi State Employment Service (hereafter MSES) in Bolivar County flows from MESC to the Executive Director who is the overall Administrator; to the Director of MSES; to the area Supervisor for the Delta area; to the Center Manager at Clarksdale, Mississippi; to the Manager of the Cleveland Office; to the Supervisor over the Employment Interviewers, who classify, select and refer applicants. As has been noted, Aldridge is the overall Administrator of the Program, by virtue of his official capacity as Executive Director of MESC. Lindsey is the Manager and in charge of the Cleveland Office of MSES.

The complaint, filed Jan. 27, 1972, originally named MSES of MESC, Aldridge in his official capacity as Executive Director of MSES and Lindsey as Manager of the Bolivar County (Cleveland) Mississippi Office of MSES, as parties defendant. The action is a class action brought by nine black plaintiffs, to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. § 2000e et seq., the Civil Rights Act of 1866, 42 U.S.C.A. § 1981, and 42 U.S. C.A. § 1983. The plaintiffs seek injunctive and other appropriate equitable relief, including back pay for themselves and members of the class which they seek to represent. After the commencement of the action, on motion of the original defendants, the court directed that James D. Hodgson, in his official capacity as Secretary of the United States Department of Labor (Secretary), be made a party defendant to the action.[2]

The plaintiffs thereupon moved the court for leave to file an amended complaint, naming the Secretary as a party defendant, and suing defendants Aldridge and Lindsey in their personal capacities. After securing permission from the court to do so, plaintiffs filed their amended complaint, seeking, inter alia, relief against Aldridge and Lindsey in their personal capacities. In their motion seeking an order of the court for leave to file the amended complaint, movants stated that they "had not foreseen the argument of the Mississippi State Employment Service that it would be unable to satisfy a monetary award from State funds, and this had made it necessary for [them] to add counts against defendants Aldridge and Lindsey in their personal capacities". Ex-

---

1. It appears that Aldridge is the Executive Director of MESC. He is sued as Executive Director of MSES. The parties do not discuss in their briefs submitted to the court on this motion the reason for this difference. The court will assume for the purpose of the motion, that Aldridge as Executive Director

of MESC also acts as Director of MSES, since no point with reference thereto is made by the parties.

2. Peter J. Brennan, as Secretary of Labor, has been substituted herein for James D. Hodgson, his predecessor in office.

pressing the reason for adding Aldridge and Lindsey parties defendant in the action in their personal capacities in more direct language, plaintiffs' real reason is to hold Aldridge and Lindsey liable for any monetary award to plaintiffs and members of their class which the court might find proper to be made on the trial of the action, should MSES be unable to respond to such an award from State funds.

In responding to the amended complaint, defendants Aldridge and Lindsey, in their personal capacities, have moved for a dismissal or summary judgment in their favor. They do not seek to be released from the action as defendants in their official capacities.

Plaintiffs allege in their amended complaint that each of them "has unsuccessfully sought employment by registering for job referrals with the Bolivar County Branch Office of the Mississippi State Employment Service, located at 327 Central Ave., Cleveland, Mississippi". Plaintiffs charge that they and members of their class have been the victims of unlawful racial and sexual discrimination by the Cleveland Office of MSES, as the result of which plaintiffs and members of their class have been denied employment opportunities equal to those afforded males and members of the White race.

The amended complaint alleges that defendant Lindsey, as manager of the Cleveland, Mississippi Office of MSES, is responsible for discriminatory acts of MSES at said office, and that if he had properly discharged his duties as Manager such discrimination would not have occurred. As to Aldridge, the complaint is made that as Executive Director of MESC, he is responsible for the discriminatory acts of MSES at the Cleveland Office, and that if he had properly discharged his duties such discrimination would not have occurred. The complaint does not allege or charge that either Aldridge or Lindsey personally committed any act of unlawful or improper dis-

crimination directed to plaintiffs or any member of their class. The charge is, as stated, that if Aldridge and Lindsey had properly performed the duties of their respective offices, the alleged discriminatory acts committed by employees of MSES in the Cleveland Office would not have occurred.

Plaintiffs also charge that MSES, Aldridge, Lindsey and others have conspired to deprive plaintiffs and members of their class the equal protection of the laws by depriving them of opportunities for employment because of their race and sex; that, having knowledge of the conspiracy, the Secretary permitted the conspiracy to continue to the injury of plaintiffs and members of their class; and that all defendants, whether or not members of the conspiracy, had the power to prevent or aid in preventing the commission of the discriminatory acts by MSES at its Cleveland Office. Plaintiffs do not charge MSES, Aldridge, Lindsey, the Secretary, or any other person with any specific act in connection with the conspiracy or any overt act in regard thereto.

Basing their opinion on the premise that racial and sexual discrimination in the Cleveland Office could not have existed without the consent, approval or connivance of Aldridge and Lindsey, plaintiffs conclude that Aldridge and Lindsey participated in the unlawful and improper scheme adopted by the staff in the office to deny plaintiffs and members of their class equal employment opportunities on account of their race and sex. Plaintiffs do not seek to impose personal liability on the Secretary, but seek to impose such liability on both Aldridge and Lindsey.

Aldridge and Lindsey support their motion for summary judgment with their own affidavits. Aldridge states on his oath that at no time has he conspired with anyone to deny plaintiffs any civil rights to which they may be by law entitled; that he has not at any time or in any manner instructed,

trained, or influenced any commission employee to deny any of plaintiffs their civil rights, but to the contrary that he has through instructional releases, procedures, manuals, and training and evaluation programs done everything within his power to see that all commission employees comply strictly with all civil rights laws.

Lindsey states on his oath that as manager of the Cleveland Office of MSES he has not at any time conspired with anyone to deny any of the plaintiffs in the action sub judice any civil rights to which they may be entitled; that he has not in any manner or at any time instructed, trained, or influenced any Commission employee under his supervision to deny any of the plaintiffs their civil rights; but to the contrary that he has done everything within his power to see that such employees comply with all civil rights laws and with all instructional releases, procedural manuals, and training programs of the Commission which require strict compliance with all civil rights laws.

In opposition plaintiffs submit the affidavits of two of the plaintiffs, Willie Mae Payne and Mary Boyd. Each plaintiff on her oath states that she unsuccessfully sought employment in Bolivar County by registering for job referrals with the Cleveland Office of MSES; that she is without knowledge of any instructional releases, procedural manuals, training or evaluation programs or any other thing allegedly done by defendants Aldridge and Lindsey, or either of them, to assure that employees of the Cleveland Office comply with all civil rights laws; that she was not referred for employment for which she was qualified; that she was not allowed to fill out a referral card; that she knew friends and acquaintances of her race who were referred by the office only to traditionally Black jobs; and that she knew of members of the White race, no better qualified than she, who were referred to better jobs than were she and her friends and acquaintances. The gist of the remainder of each affidavit is that while the affiant was without knowledge of the administrative structure of MSES or of any meetings which may have occurred or instructions given as a result of which the affiant and her Black friends and acquaintances were referred only to traditionally Black jobs, the constant and systematic referral of Black applicants to only traditionally Black jobs could not have happened without the contrivance of MSES officials. Each affiant states also that Aldridge and Lindsey had the authority to end the alleged racial discrimination but failed to do so.

An examination and study of the affidavits of the two plaintiffs does not reveal any overt act personally performed by either Aldridge or Lindsey to bring about support for, or to encourage any discriminatory practice on the part of MSES employees at the Cleveland Office. The allegations of each affidavit are for the most part conclusional in nature. The affidavits viewed in the most favorable light charge discriminatory practices at the Cleveland Office of MSES and a failure on the part of Aldridge and Lindsey to prevent their occurrence.

A summary judgment "shall be rendered forthwith if the pleadings, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Rule 56(c) F.R. Civ.P.

■ The principles which govern the court in its consideration of the motion for summary judgment are well settled in this circuit. A clear, concise and excellent enunciation of these principles was made by Judge Wisdom in Insurance Company of North America v. Bosworth Construction Company, 469 F.2d

1266, 1268 (5th Cir. 1972), where he said:

> A summary judgment, of course, should not be granted if there is a genuine issue as to any material fact. The burden is on the moving party to show that there is not the slightest doubt as to the facts and that only the legal conclusion remains to be resolved. (Citations omitted). Even though the facts are undisputed, summary judgment is inappropriate if competing reasonable inferences may be drawn as to any material factual issue.

■ In the action sub judice the affidavits in opposition to the motion establish a practice of discrimination in the Cleveland Office of MSES of which plaintiffs and the members of the class which they represent are the victims. This is the paramount issue to be determined by the trier of the facts.

The affidavits supporting the motion establish that Aldridge and Lindsey have not in any manner consented to, encouraged, or knowingly permitted the discriminatory practices alleged by plaintiffs to be a part of the general routine in the Cleveland Office; but, on the other hand, they have taken affirmative steps to insure that MSES will not deprive any person of his or her civil rights and equal employment opportunities.

Plaintiffs' response to the facts set forth in the affidavits of Aldridge and Lindsey is that the trier of the facts may reasonably infer and find that the discriminatory practices in the Cleveland Office, if such are found by the trier to exist, could not have existed without the knowledge and implied consent of Aldridge and Lindsey, and, that, once such discrimination became known to them, they were charged with the duty to eliminate it. The question for the court to resolve is whether the peculiar facts in the action sub judice bring it within the rule announced by the Fifth Circuit in *Bosworth*. As has been shown, *Bosworth* held that "[e]ven though the facts are undisputed, summary judgment is inappropriate if competing reasonable inferences may be drawn as to any material factual issue." In the action sub judice the question is thus presented—can competing reasonable inferences be drawn from the facts shown to exist by the opposing affidavits; that is to say, can the trier of the facts draw a reasonable inference that, despite the protestations of innocence on the part of Aldridge and Lindsey, they actually knew of the existence of the discriminatory practices of the employees at the Cleveland Office of MSES performed in violation of regulations and instructions promulgated by MSES and tacitly agreed to them by their silence and inactivity?

The memoranda of the parties contain numerous references to federal district and circuit court cases, as well as to several United States Supreme Court cases. The memoranda are excellent and contain exhaustive treatments of the issues at hand. In view of the court's decision to overrule the motion, the court will not, at this time, discuss the authorities in the respective briefs. The court will make reference to only one of these cases, Roberts v. Williams, 456 F.2d 819, 831 (5th Cir. 1972), a Mississippi case. The action originated in the Northern District of Mississippi and was handled by Chief Judge Wm. C. Keady (302 F. Supp. 972). The plaintiff Roberts, a 14 year old Negro boy, brought the 1983 action[3] against the Sheriff of Leflore County, Mississippi, the trusty at the penal farm where he was incarcerated, the members of the County Board of Supervisors and others, to recover damages for personal injuries inflicted upon him while confined to the County Farm. In passing upon the personal liability of the members of the Board of Supervis-

---

3. 42 U.S.C.A. § 1983.

ors for Roberts' injury, Judge Keady said:

> In the final analysis, plaintiff cannot point to any individual act of a supervisor as having a causal relation to the subject matter of this litigation and the personal injuries sustained by plaintiff, and defendants who occupy the position of supervisors are entitled to be dismissed from the suit.[4]

On appeal, Judge Nichols, sitting by designation as a member of the panel to which the case had been assigned, wrote:

> We think the Supervisors are in any event not liable for a good faith, reasonable choice among valid policy alternatives, even if an unwise one, and that liability for their negligence will follow only when the plaintiff can show a clear breach of duty that led to the plaintiff's injury.[5]

The plaintiffs cannot point to any individual act of either Aldridge or Lindsey as having a causal relation to the alleged discriminatory practices within the Cleveland Office, and, for this reason Aldridge and Lindsey can argue cogently that they should be dismissed from this action in their personal capacities. On the other side of the coin plaintiffs can argue with equal cogency that the discriminatory practices could not have existed but for the failure of Aldridge and Lindsey to perform the duties of their respective offices to insure that such practices did not exist.

The court is of the opinion that the knowledge vel non of Aldridge and Lindsey is a viable issue in the action for determination by the trier of the facts, and for this reason the motion should be overruled. This is especially true where, as here, the movants will remain in the action as parties defendants in their official capacities, even though the motion be sustained.

The court will enter the order overruling the motion.

4. 302 F.Supp. 985.